**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-57049 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-07654-RSWL-MAN |
| v. | |
| JAMES P. RAGAN, aka J. Patrick Ragan, aka James Patrick Ragan, Jr., aka Patrick Ragan, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued November 5, 2013; Resubmitted November 21, 2013
Pasadena, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Defendant James P. Ragan appeals the district court's grant of summary

judgment to Plaintiff United States of America in this action to enforce a

promissory note obligating Defendant to repay his consolidated student loan. 20

U.S.C. § 1080(b). Reviewing de novo the grant of summary judgment and for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

abuse of discretion the evidentiary rulings, <u>Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.</u>, 552 F.3d 1033, 1042 (9th Cir. 2009), we reverse and remand.

1.  The district court did not abuse its discretion in holding that the promissory note and the certificate of indebtedness are admissible under Federal Rule of Evidence 803.

2.  The district court correctly rejected all of Defendant's arguments not concerning the amount of the note.  Even viewing the evidence in the light most favorable to Defendant, <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1026 (9th Cir. 2013), there are no genuine issues of material fact concerning, for example, whether Defendant signed the note, whether he assumed a federal obligation, and whether the certificate of indebtedness referred to the same obligation as the promissory note.

3.  The district court erroneously rejected Defendant's argument concerning the amount of the note.  The certificate of indebtedness states that the principal amount of the loan was $23,109.  But, compared to the promissory note, the certificate contains discrepancies in the date and the interest rate.  Although perhaps not the most reasonable interpretation, a jury reasonably could conclude that the author of the certificate also erred in recording the amount.

**REVERSED and REMANDED.**  The parties shall bear their own costs on appeal.

2